IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.: _____

DIVISION: _____

AMERIFACTORS FINANCIAL GROUP, LLC,

        Plaintiff,

v.

ENBRIDGE, INC., GLOBAL ENERGY
CONTRACTORS, LLC and SAMMIE L.
MOFFETT, a/k/a SAM MOFFETT

        Defendants.
_____/

## COMPLAINT

Plaintiff, Amerifactors Financial Group, LLC, ("Amerifactors"), sues Defendants, Enbridge, Inc., Global Energy Contractors, LLC ("Global") and Sammie L. Moffett, a/k/a Sam Moffett ("Mr. Moffett") and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceed $15,000.00, exclusive of interest, costs, and reasonable attorneys' fees.

2. Plaintiff is a Delaware limited liability company authorized to and doing business in Osceola County, Florida.

3. Enbridge, Inc. is a Canadian corporation with its principal place of business located in Canada.

EXHIBIT A

4. Global is a Texas limited liability company with its principal place of business located in McKinney, Texas.

5. Mr. Moffett is a resident of the state of Texas.

6. All conditions precedent to this action have been performed or have occurred.

7. On August 31, 2011, Amerifactors entered into a factoring agreement with Global (the "Amerifactors/Global Factoring Agreement"), a copy of which is attached as **Exhibit 1**.

8. On August 31, 2011, Mr. Moffett entered into a guarantee agreement with Amerifactors by the terms of which he guaranteed the obligations of Global pursuant to the Amerifactors/Global Factoring Agreement, a copy of which is attached as **Exhibit 2**.

9. Beginning on or about August 8, 2012, pursuant to the terms of the Amerifactors/Global Factoring Agreement, Amerifactors began purchasing accounts from Global that were due from Enbridge, Inc., Enbridge (U.S.) Inc., or some other related Enbridge entity.

10. During the period from August 8, 2012 through January 18, 2013, prior to purchasing each Global account due from an Enbridge entity, Amerifactors obtained Enbridge, Inc.'s written verification of the validity of the particular Global account and Enbridge, Inc.'s written agreement to pay the particular Global account in full, without any dispute, credit, or claim of off-set of any kind, as well as Enbridge, Inc.'s written waiver of any defense to payment that might be asserted by Enbridge, Inc.

11. During the period from August 8, 2012 through January 18, 2013, Amerifactors purchased Global accounts due from Enbridge, Inc., Enbridge (U.S.) Inc., or other related Enbridge entities totaling the sum of $2,239,674.53. All or substantially all of

those accounts were paid to Amerifactors by wire transfers received from Enbridge Energy Limited Partnership.

12. On or about January 18, 2013, in order to reduce paperwork and avoid the execution of a verification, payment, and waiver of defense agreement in regard to each particular account presented by Global to Amerifactors for sale, Enbridge, Inc. entered into two blanket verification, payment, and waiver of defense contracts with Amerifactors by the terms of which Enbridge, Inc. agreed to pay Amerifactors for each account subsequently assigned by Global to Amerifactors and further agreed to waive any defenses to paying Amerifactors. Enbridge, Inc., retained, however, the right to assert claims for defects or deficiencies in Global's work against Global. Copies of the two blanket payment contracts are attached as **Composite Exhibit 3**.

13. During the period from January 18, 2013 to April 26, 2013, Global sold Amerifactors $227,656.56 of Enbridge accounts that were subsequently paid by wire transfer from Enbridge Energy Limited Partnership to Amerifactors pursuant to the terms of the blanket verification, payment, and waiver of defense contracts entered into by Amerifactors and Enbridge, Inc.

14. On or about March 8, 2013, Amerifactors purchased from Global an account due from Enbridge (U.S.) Inc. in the amount of $297,548.80. That account was purchased by Amerifactors in reliance upon the blanket verification, payment, and waiver of defense contracts executed by Enbridge, Inc. on January 18, 2013. To date, both Enbridge, Inc., and Enbridge (U.S.) Inc. have failed and refused to pay the $297,548.80 account, a copy of which is attached as **Exhibit 4**.

15. On or about March 25, 2013, Amerifactors purchased from Global an account due from Enbridge (U.S.) Inc. in the amount of $111,580.80. That account was purchased by Amerifactors in reliance upon the blanket verification, payment, and waiver of defense contracts executed by Enbridge, Inc., on January 18, 2013. To date, both Enbridge, Inc., and Enbridge (U.S.) Inc. have failed and refused to pay the $111,580.80 account, a copy of which is attached as **Exhibit 5**.

16. On or about April 25, 2013, Amerifactors purchased from Global an account due from Enbridge (U.S.) Inc. in the amount of $37,193.60. That account was purchased by Amerifactors in reliance upon the blanket verification, payment, and waiver of defense contracts executed by Enbridge, Inc., on January 18, 2013. To date, both Enbridge, Inc., and Enbridge (U.S.) Inc. have failed and refused to pay the $37,193.60 account, a copy of which is attached as **Exhibit 6**.

17. On or about April 26, 2013, Amerifactors purchased from Global three accounts due from Enbridge (U.S.) Inc. in the amount of $2,950.00 (total $8,850.00). Each of those accounts was purchased by Amerifactors in reliance upon the blanket verification, payment, and waiver of defense contracts executed by Enbridge, Inc. on January 18, 2013. To date, both Enbridge, Inc. and Enbridge (U.S.) Inc. have failed and refused to pay the three $2,950.00 accounts (total $8,850.00), copies of which are attached as **Composite Exhibit 7**.

## COUNT I – BREACH OF CONTRACT

18. Amerifactors re-alleges the allegations contained in 1–17, above.

19. Enbridge, Inc. breached the January 18, 2013 blanket verification, payment, and waiver of defense contracts with Amerifactors by failing and refusing to pay the total unpaid account balance of $715,528.40.

20. As a direct and proximate result of Enbridge, Inc.'s breach of contracts, Amerifactors has suffered damages in the amount of $715,528.40.

21. Enbridge, Inc., is subject to jurisdiction in the state of Florida pursuant to Section 48.193 (1)(g), Florida Statutes, because it has breached a contract in the state of Florida by failing to perform acts required by the contract to be performed in Florida, or by otherwise performing acts subjecting it to jurisdiction pursuant to Section 48.193, Florida Statutes.

WHEREFORE, Amerifactors Financial Group, LLC demands judgment for damages against Enbridge, Inc., in the amount of $715,528.40, plus prejudgment interest and costs.

### COUNT II – PROMISSORY ESTOPPEL AGAINST ENBRIDGE, INC.
### (IN THE ALTERNATIVE)

22. Amerifactors re-alleges the allegations contained in paragraphs 1–17, above.

23. Enbridge, Inc., knew or reasonably should have known that Amerifactors would rely upon its January 18, 2013 promises to pay all Global accounts sold to Amerifactors without any dispute, credit, or claim of off-set of any kind, as well as upon Enbridge, Inc.'s promise to waive any defense to payment that might be asserted in regard to a Global account sold to Amerifactors.

24. Amerifactors reasonably relied upon the promises of Enbridge, Inc., to pay all Global accounts sold to Amerifactors without any dispute, credit, or claim of off-set of any kind, as well as Enbridge, Inc.'s promises to waive any defense to payment that might be asserted in regard to a Global account sold to Amerifactors.

25. In reliance upon the January 18, 2013 promises made by Enbridge, Inc., Amerifactors purchased $715,528.40 of Global accounts.

26. Enbridge, Inc., breached its promises to Amerifactors by failing and refusing to pay the unpaid balance of Global accounts due in the amount of $715,528.40.

27. Amerifactors will unjustly suffer damages in the amount of $715,528.40 and will lose the benefit of its bargain if the promises made by Enbridge, Inc., to pay the sum of $715,528.40 are not enforced.

WHEREFORE, Amerifactors Financial Group, LLC demands judgment for damages against Enbridge, Inc. in the amount of $715,528.40, plus prejudgment interest and costs.

## COUNT III – BREACH OF CONTRACT AGAINST GLOBAL
## (IN THE ALTERNATIVE)

28. Amerifactors re-alleges the allegations contained in paragraphs 1–17, above.

29. Enbridge (U.S.) Inc. has disputed its obligation to pay the $715,528.40 of Global accounts sold to Amerifactors. Enbridge (U.S.) Inc. asserts that Global has breached its contractual obligations to Enbridge (U.S.) Inc., by failing to pay subcontractors and materialmen. In addition, Enbridge (U.S.) Inc. claims that the Global accounts are due, if at all, from affiliated Enbridge entities, not Enbridge (U.S.) Inc.

30. Global represented and warranted to Amerifactors (at paragraph 19 of the Amerifactors/Global Factoring Agreement) that the Enbridge (U.S.) Inc. accounts sold by Global to Amerifactors were valid accounts that covered services that had been received and accepted by Enbridge (U.S.) Inc. without claim or dispute of any kind or nature.

31. The Amerifactors/Global Factoring Agreement entitles Amerifactors to indemnity from Global against all costs, loss, expense and liability caused by or arising out of claims or deductions asserted by Global's customers such as Enbridge (U.S.) Inc., and entitles Amerifactors to charge back the disputed account to Global.

32. Global breached the Amerifactors/Global Factoring Agreement by selling Amerifactors $715,528.40 of accounts that are disputed by Enbridge (U.S.) Inc. and by Enbridge, Inc.

33. As a direct and proximate result of Global's breach of the Amerifactors/Global Factoring Agreement, Amerifactors has suffered damages in the amount of $715,528.40, the sum that should have been paid by Enbridge, Inc. or Enbridge (U.S.) Inc. if the accounts sold by Global were undisputed, valid debts.

34. Amerifactors has been required to retain the undersigned counsel to represent it in this action and is obligated to pay a reasonable fee for their services, for which it is entitled to recover pursuant to the terms of the Amerifactors/Global Factoring Agreement.

WHEREFORE, Amerifactors Financial Group, LLC demands judgment for damages against Global Energy Contractors, LLC in the amount of $715,528.40, plus prejudgment interest at the rate of 18% per annum, pursuant to the terms of the Amerifactors/Global Factoring Agreement, costs, and its reasonable attorneys' fees.

## COUNT IV – BREACH OF MR. MOFFETT'S GUARANTY (IN THE ALTERNATIVE)

35. Amerifactors re-alleges the allegations contained in paragraphs 1–17 and 29-34, above.

36. Mr. Moffett breached his guaranty by failing to pay Amerifactors the damages caused due to Global's sale of disputed accounts allegedly due from Enbridge (U.S.) Inc., that were verified and also to be paid by Enbridge, Inc.

37. As a direct and proximate result of Mr. Moffett's breach of his guaranty, Amerifactors has suffered damages in the amount of $715,528.40, due to the sale of the disputed Global accounts.

38. Mr. Moffett is subject to jurisdiction in the state of Florida pursuant to Section 48.193 (1)(g), Florida Statutes, by breaching a contract in this state by failing to perform acts required by the contract to be performed in Florida, and by consenting to jurisdiction in Florida in his guaranty.

WHEREFORE, Amerifactors Financial Group, LLC demands judgment for damages against Sammie L. Moffett, a/k/a Sam Moffett in the amount of $715,528.40, plus prejudgment interest at the rate of 18% per annum pursuant to the terms of the Amerifactors/Global Factoring Agreement, costs, and its reasonable attorneys' fees.

CHARLES C. LANE
Florida Bar Number 284467
LAU, LANE, PIEPER,
 CONLEY & McCREADIE, P.A.
Post Office Box 838
Tampa, Florida 33601-0838
(813) 229-2121 (P)
(813) 228-7710 (F)
Email: clane@laulane.com
Attorneys for Plaintiff,
Amerifactors Financial Group, LLC

#1216-14362

8