**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMERIFACTORS FINANCIAL GROUP, LLC,**

**Plaintiff,**

**v.** **Case No.: 6:13-cv-1446-Orl -22TBS**

**ENBRIDGE, INC., GLOBAL ENERGY CONTRACTORS, LLC and SAMMIE L. MOFFETT, a/k/a/ SAM MOFFETT**

**Defendants.**
_______________________________________/

**PLAINTIFF'S MOTION FOR AUTHORIZATION TO CONDUCT JURISDICTIONAL DISCOVERY AND MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS FOR LACK OF JURISDICTION OVER DEFENDANT**

Plaintiff, Amerifactors Financial Group, LLC ("Amerifactors") moves this Court pursuant to Rule 26 (d)(1), Federal Rules of Civil Procedure, and pursuant to Local Rule 3.05 (c)(2)(B) for authorization to conduct jurisdictional discovery prior to completion of the case management meeting to be conducted in this case. In addition, Amerifactors' moves for an extension of time to respond to Enbridge, Inc.'s Motion to Dismiss for Lack of Jurisdiction over Defendant. Grounds for Amerifactors' motion are as follows:

1. On August 9, 2013, Amerifactors filed this action in state court in the Ninth Judicial Circuit, in Orange County, Florida.

2. On September 9, 2013, Enbridge, Inc. filed a Motion to Dismiss for Lack of Jurisdiction Over the Defendant and Incorporated Memorandum of Law in the state court action. The Motion was supported by an Affidavit of Tyler W. Robinson, Enbridge, Inc.'s vice-president

and corporate secretary. Pursuant to applicable Business Court Rules in Orange County Circuit Court, a response to the Motion to Dismiss for Lack of Jurisdiction was due on or before October 4, 2013.

3. Amerifactors was preparing jurisdictional discovery to be served in the state court action when, on September 18, 2013, Enbridge, Inc. removed this case to federal court.

4. On September 19, 2013, Amerifactors served a Request for Admissions upon Enbridge, Inc. A copy of the Request for Admissions is attached to this Motion as **Exhibit A.** Counsel for Amerifactors was subsequently and properly reminded by counsel for Enbridge, Inc. that such discovery was not permitted by federal or local rule until after the required case management meeting was held.

5. Facts pertaining to the issue of whether personal jurisdiction over Enbridge, Inc. is appropriate in Florida are uniquely within the possession of Enbridge, Inc. and individuals that Amerifactors was led to believe were employed by Enbridge, Inc. For example, Amerifactors submits that it alleged sufficient facts to sustain jurisdiction under Florida's long arm statute, Section 48.193 (1)(g), Florida Statutes, when it alleged that Defendant breached a contract in this state by failing to make payments required in Florida. Defendant challenges that claim by asserting that the contract's signers were not employed by Defendant or authorized to act for Defendant. If Amerifactors is not permitted to conduct jurisdictional discovery to determine the veracity of Mr. Robinson's assertions or to develop other facts directed to the authority and employers of the contracts' signers, or pertinent to other facts bearing upon the determination of whether personal jurisdiction may properly be exercised over Enbridge, Inc. (i.e. minimum contacts with Florida, carrying on business in Florida, engaging in substantial activity in

Florida), Amerifactors will be prejudiced in its ability to oppose Enbridge, Inc.'s Motion to Dismiss for Lack of Jurisdiction.

6. Amerifactors proposed to counsel for Enbridge, Inc. that it be permitted through and including December 4, 2013 to complete jurisdictional discovery and to respond to Enbridge, Inc.'s pending Motion to Dismiss for Lack of Jurisdiction. Amerifactors proposed that Enbridge, Inc. be obliged to respond to the pending Request for Admissions within thirty-three (33) days of the date they were served (on October 22, 2013), notwithstanding the fact that the Request for Admissions was served in advance of the required case management meeting. Amerifactors also proposed that it be permitted to propound interrogatories and requests for production of documents limited to personal jurisdictional issues and that responses to that jurisdictional discovery be served within the time period required by the rules, thirty-three (33) days after service. Finally, Amerifactors proposed that it be permitted to depose the two individuals that executed or purported to execute contracts on behalf of Enbridge, Inc., Terry Wheeler and Quinton Brown, as well as Enbridge, Inc.'s affiant, Mr. Robinson, prior to the end of the proposed jurisdictional discovery period, December 4, 2013.

7. Amerifactors anticipates that its Request for Admissions, Interrogatories and Request for Production of Documents would be directed to the following subjects or issues:

a. The relationships between the various related Enbridge entities, including Enbridge, Inc. and the plaintiffs in related, pending Texas state court litigation [Enbridge (U.S.) Inc., Enbridge Energy Partners, L.P., Enbridge G & P (Oklahoma) L.P., and Enbridge Pipelines (Texas Gathering) L.P.];

b. the employers of Mr. Wheeler and Mr. Brown when they executed the contracts that are attached to Plaintiff's Complaint as Composite Exhibit 3 (as well as the

employers of Mr. Wheeler and Mr. Brown when they executed a number of earlier contracts that were purportedly signed on behalf of Enbridge, Inc.);

c. the identity of the individuals that authorized Mr. Wheeler and Mr. Brown to sign the contracts attached to Plaintiff's Complaint as Composite Exhibit 3, as well as the employer or employers of those authorizing individuals;

d. Enbridge, Inc.'s Florida connections including but not limited to Florida sales, contracts with other Florida based entities, and advertising in the state of Florida.

Amerifactors also would like to reserve the right to direct discovery to other subjects limited solely to personal jurisdictional issues in the event those other subjects come to light either through presently planned jurisdictional discovery or through other means.

8. In the event Amerifactors is not permitted the opportunity to conduct jurisdictional discovery it will be unable to test or contest the veracity of Mr. Robinson's affidavit, and it will be unable to develop and present facts to demonstrate the existence of personal jurisdiction over Enbridge, Inc. in the state of Florida. While Amerifactors could currently present affidavit testimony concerning its entry into the contracts that are attached to its Complaint as Composite Exhibit 3 and regarding other contracts entered into by those same individuals (purportedly on behalf of Enbridge, Inc.), it cannot (without jurisdictional discovery) disprove Enbridge, Inc.'s claims that those individuals were not employees of Enbridge, Inc. at the time they executed the relevant contracts, nor can it develop competent evidence to demonstrate Enbridge, Inc.'s minimally sufficient contacts with the state of Florida to sustain personal jurisdiction.

WHEREFORE, Amerifactors Financial Group, LLC requests that the Court permit it sixty (60) days from the entry of an Order allowing jurisdictional discovery within which to

conduct such discovery, and an additional ten (10) days after the conclusion of that sixty (60) day period within which to file its Memorandum of Law in Opposition to Enbridge, Inc.'s pending Motion to Dismiss for Lack of Jurisdiction Over the Defendant.

**Memorandum of Law**

Amerifactors files the following Memorandum of Law in support of its Motion in accordance with the requirements of Local Rule 3.01.

Both Rule 26, Federal Rules of Civil Procedure, and Local Rule 3.05 prevent Amerifactors from conducting jurisdictional discovery unless ordered by the court or permitted by stipulation of the parties. Counsel for Amerifactors has requested that counsel for Enbridge, Inc. agree that Amerifactors may conduct limited discovery directed solely to jurisdictional issues, but counsel for Enbridge, Inc. advises that Enbridge, Inc. will not consent to the relief proposed in this Motion.

Controlling case law makes it clear that Amerifactors should be permitted to conduct limited, jurisdictional discovery in the face of Enbridge, Inc.'s challenge to personal jurisdiction. In Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978), the Supreme Court, in considering appropriate discovery in class action litigation, cited 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131, 34 (2d ed. 1976) with approval, noting that where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues. The Eleventh Circuit Court of Appeals, in Eaton v. Dorchester Development, Inc., 692 F. 2d 727 (11th Cir. 1982) held that whether to permit jurisdictional discovery was not entirely discretionary. In fact, the Court cited with approval, Note, The Use of Discovery to Obtain Jurisdictional Facts, 59 Va. L. Rev. 533, 546-47 (1973) which stated:

> Thus, though numerous courts have indicated that they have discretion in granting or denying jurisdictional discovery, this is

> not exactly correct. In the final analysis, a court does not have discretion to grant or deny a request for jurisdictional discovery [when jurisdictional facts are in dispute]. Rather, it is appropriate to speak in terms of a qualified "right" to jurisdictional discovery when a court's jurisdiction is genuinely in dispute. In order to satisfy the Federal Rules' implicit policy that cases be decided on the merits, a court should order discovery while protecting the defendant's interests where necessary through a Rule 26 (c) protective order. Thus, the element of discretion, if any, exists not with respect to whether there will be jurisdictional discovery, but rather only with respect to the form that the discovery will take. Eaton, 692 F. 2d at 734, footnote 7.

In short, Amerifactors has a qualified right to conduct jurisdictional discovery and is simply requesting that the Court recognize that right and permit the limited jurisdictional discovery noted in this motion.

Likewise, the court in Mother Doe I v. Al Maktoum, 632 F. Supp. 2d 1130, 1145-1146 (S.D. Fla. 2007) recognized a qualified right to jurisdictional discovery so long as a party does not unduly delay its request for the right to conduct such discovery. Amerifactors has not engaged in any delay in seeking jurisdictional discovery. To the contrary, it has "jumped the gun" by propounding a Request for Admissions before conducting the case management meeting. Amerifactors is not seeking to unduly delay the progress of this case or the determination of Defendant's Motion to Dismiss for Lack of Jurisdiction, nor is Amerifactors seeking to engage Defendant in merits discovery until the jurisdictional issue is decided. Amerifactors merely seeks the right to discover relevant jurisdictional facts and present them to the Court, as those jurisdictional facts lie mainly, if not solely, within the control of the Defendant; however, Amerifactors is unable to protect its rights and to properly present the issues to the Court unless it is permitted to engage in limited jurisdictional discovery.

## Conclusion

For the foregoing reasons, Amerifactors requests that the Court enter an Order permitted jurisdictional discovery of the nature and in the time periods provided in its Motion.

## Rule 3.01 Certification

Counsel for Amerifactors has discussed the request to conduct limited personal jurisdiction related discovery with counsel for Enbridge, Inc. and the parties could not reach agreement on the relief sought in this motion.

*/s/ Charles C. Lane*
CHARLES C. LANE
Florida Bar Number 284467
LAU, LANE, PIEPER,
CONLEY & McCREADIE, P.A.
Post Office Box 838
Tampa, Florida 33601-0838
Telephone: 813/229-2121
Facsimile: 813/228-7710
Email: clane@laulane.com
Attorneys and Trial Counsel for Plaintiff,
Amerifactors Financial Group, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 3rd day of October, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

*/s/ Charles C. Lane*
CHARLES C. LANE

#1216-14362

# Exhibit A

Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMERIFACTORS FINANCIAL GROUP, LLC,**

**Plaintiff,**

**v.** **Case No.: 6:13-CV-001446-18TBS**

**ENBRIDGE, INC., GLOBAL ENERGY CONTRACTORS, LLC and SAMMIE L. MOFFETT, a/k/a/ SAM MOFFETT**

**Defendants.**
______________________________________/

**PLAINTIFF'S REQUEST FOR ADMISSIONS BY ENBRIDGE, INC.**

Plaintiff, Amerifactors Financial Group, LLC ("Amerifactors), hereby requests, pursuant to Rule 36, *Federal Rules of Civil Procedure*, that Defendant, Enbridge, Inc. admit the truth of the following matters.

Enbridge, Inc. is reminded that each matter is deemed admitted unless a written answer or objection addressed to the matter is made within thirty (30) days after service of the request. If objection is made, the reason must be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial must fairly respond to the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit

or deny unless that party states that the party has made reasonable inquiry and that the information known or readily obtainable by that party is insufficient to enable that party to admit or deny.

Amerifactors requests that Enbridge, Inc. admit the following:

1. Enbridge, Inc., whose address is 3000, 425 – 1st Street, SW, CALGARY, AB T2P 3L8 CANADA, is the owner of the web address: Enbridge.com.

2. Enbridge, Inc., whose address is 3000, 425 – 1st Street, SW, CALGARY, AB T2P 3L8 CANADA, is the registrant of the web address: Enbridge.com.

3. On January 22, 2013, Terry Wheeler was authorized by Enbridge, Inc. to utilize the e-mail address terry.wheeler@enbridge.com.

4. On January 23, 2013, Quinton Brown was authorized by Enbridge, Inc. to utilize the e-mail address quinton.brown@enbridge.com.

5. On January 22, 2013, Terry Wheeler sent Amerifactors the e-mail attached as **Exhibit 1**, which e-mail included two attachments, the January 18, 2013 verification agreement that is attached as a portion of Exhibit 1, and the facsimile cover sheet that is attached as a portion of Exhibit 1.

6. On January 23, 2013, Quinton Brown sent Amerifactors the e-mail attached as **Exhibit 2**, which e-mail included the January 18, 2013 verification agreement that is attached as a portion of Exhibit 2.

7. By granting Terry Wheeler the authority to utilize the e-mail address terry.wheeler@enbridge.com, Enbridge, Inc. made it appear to Amerifactors that Terry Wheeler was an employee or authorized agent of Enbridge, Inc.

8. By granting Quinton Brown the authority to utilize the e-mail address quinton.brown@enbridge.com, Enbridge, Inc. made it appear to Amerifactors that Terry Wheeler was an employee or authorized agent of Enbridge, Inc.

9. By granting Terry Wheeler and Quinton Brown the authority to utilize e-mail addresses including a web address owned by or registered to Enbridge, Inc., Enbridge, Inc. gave both Terry Wheeler and Quinton Brown the appearance of employees or authorized agents of Enbridge, Inc. to the world at large.

Dated: September 19, 2013

Respectfully submitted,

*/s/ Charles C. Lane*

CHARLES C. LANE
Florida Bar Number 284467
LAU, LANE, PIEPER,
CONLEY & McCREADIE, P.A.
Post Office Box 838
Tampa, Florida 33601-0838
Telephone: 813/229-2121
Facsimile: 813/228-7710
Email: clane@laulane.com
Attorneys and Trial Counsel for Plaintiff,
Amerifactors Financial Group, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by eService and by regular U.S. mail to: Grey Squires-Binford, Killgore, Pearlman, Stamp, Ornstein & Squires, P.A., P.O. Box 1913, Orlando, FL 32802-1913, eService - gsquires@kpsos.com; and to Frank H. Killgore, Jr., Killgore, Pearlman, Stamp, Ornstein & Squires, P.A., P.O. Box 1913, Orlando, FL 32802-1913, eService - fhkillgore@kpsos.com, this 19th day of September, 2013.

*/s/ Charles C. Lane*
CHARLES C. LANE

#1216-14362

# Exhibit 1

Exhibit 1

**Evan Slepcevich**

| | |
|---|---|
| **From:** | Terry Wheeler <Terry.Wheeler@enbridge.com> |
| **Sent:** | Tuesday, January 22, 2013 11:40 AM |
| **To:** | Evan Slepcevich |
| **Cc:** | Gena Smith; Keith Wilson |
| **Subject:** | FW: Attached Image |
| **Attachments:** | 4335_001.pdf; Enbridge Fax Cover.doc |

Signed verification...

Thanks,
Terry Wheeler
Construction Supt.
806-256-3261 Office Ext. 74274
806-216-0476 Cell
806-256-3824 Fax



**From:** Canon-C5030@enbridge.com [mailto:Canon-C5030@enbridge.com]
**Sent:** Tuesday, January 22, 2013 9:09 AM
**To:** Terry Wheeler
**Subject:** Attached Image

************************** IMPORTANT NOTICE* ************************
Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this email message is CONFIDENTIAL information intended for the use of the individual or entity named herein. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender using the above contact information or by return email and delete this message and any copies from your computer system. Thank you.




15800 Co. Rd "S" Shamrock, Tx 79079
Office 806-256-3261 Fax 806-256-3824

| | | | |
|---|---|---|---|
| To: Evan Slepcevich | | Fax: 407-566-1250 | |
| From: | Terry Wheeler | Date: | 1-22-13 |
| REF | | Pages: | - |
| CC: | | | |

Urgent X For Review ☐ Please Comment ☐ Please Reply ☐ Please Recycle

**[illegible] verifications...Thanks**

AFG-0022

Called Terry @ 806-256-3261 ext 24274
@ 11:21am on 1/22



"BUILDING OUR FUTURE BY EXPANDING OUR MARKET"℠

January 18, 2013

Enbridge Inc.
1100 Louisiana Suite 3300
Houston, TX 77002

To whom it may concern:

In order to assist Global Energy Contractors LLC. in its sale of accounts to AmeriFactors Financial Group, LLC, and in order to reduce paperwork and time required of Enbridge Inc. personnel in verifying each account presented by Global Energy Contractors LLC. to AmeriFactors Financial Group, LLC for sale, Enbridge Inc. agrees that, until written notice of revocation is delivered by Enbridge Inc. to AmeriFactors Financial Group, LLC, that: Enbridge Inc. will make all future payments in regard to Global Energy Contractors LLC. invoices or accounts directly to AmeriFactors at P.O. Box 628004, Orlando, FL 32862-8004; in addition, Enbridge Inc. also understands and agrees that in regard to each account or invoice subsequently purchased by AmeriFactors from Global Energy Contractors LLC., Enbridge Inc. acknowledges, in advance, that all Global Energy Contractors LLC. goods will have been accepted and delivered and/or and Global Energy Contractors LLC. services will be acknowledged as having properly been preformed as reflected on the invoices to be presented to AmeriFactors. Enbridge Inc. also agrees that in regard to any such accounts or invoices, the amount stated on the invoices will be paid by Enbridge Inc. and that no disputes, claims of offset, credits owed, prior payments, discounts, or any other matter that Enbridge Inc. contends reduces its obligation to pay the accounts or invoices will be asserted against AmeriFactors. Enbridge Inc. agrees not to assert any defenses or claims against AmeriFactors in regard to such assigned accounts. **Notwithstanding this agreement to pay AmeriFactors, Enbridge Inc. retains any and all rights to make claims for defects or deficiencies against Global Energy Contractors LLC. only.**

**APPROVED AND ACCEPTED:**

Client: Enbridge Inc.

By: [signature]

Name & Title: Terry Wheeler Const. Superintendent

Date: 1-22-13

P.O. Box 328004 • Orlando, Florida 32862-8004 • 1-800-FUND • 407-566-1150 • Fax 407-566-1250 • www.AmeriFactors.com

# Exhibit 2

Exhibit 2

**Evan Slepcevich**

**From:** Quinton Brown <Quinton.Brown@enbridge.com>
**Sent:** Wednesday, January 23, 2013 2:50 PM
**To:** Evan Slepcevich
**Cc:** Connie Light
**Subject:** Amerifactors
**Attachments:** 4342_001.pdf

Here you go.

*Thank You*
*Quinton Brown*
*Construction Supervisor*
*Office 806-256-3261 ext 74277*
*cell 806-663-9761*

---

* * * * * * * * * * * * * * * * * * * * * * * * * IMPORTANT NOTICE* * * * * * * * * * * * * * * * * * * * * * * * *
Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this email message is CONFIDENTIAL information intended for the use of the individual or entity named herein. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender using the above contact information or by return email and delete this message and any copies from your computer system. Thank you.




"BUILDING OUR FUTURE BY EXPANDING OUR MARKET"℠

January 18, 2013

Enbridge Inc.
1100 Louisiana Suite 3300
Houston, TX 77002

To whom it may concern:

In order to assist Global Energy Contractors LLC. in its sale of accounts to AmeriFactors Financial Group, LLC, and in order to reduce paperwork and time required of Enbridge Inc. personnel in verifying each account presented by Global Energy Contractors LLC. to AmeriFactors Financial Group, LLC for sale, Enbridge Inc. agrees that, until written notice of revocation is delivered by Enbridge Inc. to AmeriFactors Financial Group, LLC, that: Enbridge Inc. will make all future payments in regard to Global Energy Contractors LLC. invoices or accounts directly to AmeriFactors at P.O. Box 628004, Orlando, FL 32862-8004; in addition, Enbridge Inc. also understands and agrees that in regard to each account or invoice subsequently purchased by AmeriFactors from Global Energy Contractors LLC., Enbridge Inc. acknowledges, in advance, that all Global Energy Contractors LLC. goods will have been accepted and delivered and/or and Global Energy Contractors LLC. services will be acknowledged as having properly been preformed as reflected on the invoices to be presented to AmeriFactors. Enbridge Inc. also agrees that in regard to any such accounts or invoices, the amount stated on the invoices will be paid by Enbridge Inc. and that no disputes, claims of offset, credits owed, prior payments, discounts, or any other matter that Enbridge Inc. contends reduces its obligation to pay the accounts or invoices will be asserted against AmeriFactors. Enbridge Inc. agrees not to assert any defenses or claims against AmeriFactors in regard to such assigned accounts. **Notwithstanding this agreement to pay AmeriFactors, Enbridge Inc. retains any and all rights to make claims for defects or deficiencies against Global Energy Contractors LLC. only.**

**APPROVED AND ACCEPTED:**

Client: Enbridge Inc.

By: Quinton Brown

Name & Title: Quinton Brown Construction Supervisor

Date: 1-23-13